[Doc. No. 21]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN SULLIVAN,<br><br>          Plaintiff,<br><br>     v.<br><br>M.R.S. ASSOCIATES, INC.,<br><br>          Defendant. | Civil No. 10-28-NLH-KMW |

**ORDER**

This matter having come before the Court on the motion of non-party witness, Persels & Associates, LLC ("Persels"), seeking an Order to file under seal its Memorandum in Support of its Motion to Quash and in Opposition to Defendant MRS' Motion to Compel along with exhibit D; and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and

THE COURT finding that Local Civil Rule 5.3 provides that any party may move to seal materials or judicial proceedings by way of formal motion.  L. Civ. R. 5.3(c)(1).  "The motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."  L. Civ. R. 5.3(c)(2); and

THE COURT FINDING that Persels' motion fails to comply with L. Civ. R. 5.3.  Here, Persels seeks to seal an <u>entire</u> memorandum along with various pages of deposition testimony.  However, Persels has failed to provide an adequate factual basis which sufficiently explains the legitimate private interest for each document.  Moreover, Persels completely fails to articulate the "clearly defined and serious injury that would result" if its motion is not granted with regard to each document.  Lastly, while Persels indicates that it "does not believe that any alternatives to sealing would provide sufficient protection" for the documents, there is no substantive discussion concerning other alternatives.  Indeed, a review of the documents for which Persels seeks protection reveals that redacting portions of the documents may be a viable alternative.  Because Persels' motion does not meet the requirements of L. Civ. R. 5.3, it is denied.  In the interest of fairness, the Court will temporarily seal the documents at issue until Persels files a renewed motion, in accordance with the Rules, addressing why each document should be sealed.  To the extent that Persels maintains its request to seal both documents in their entirety, the burden is on Persels to satisfy L. Civ. R. 5.3 with regard to the entire document.

IT IS on this 1st day of June, 2011,

**ORDERED** that Persels' Motion to Seal shall be, and hereby is, **<u>DENIED</u>** without prejudice; and it is further

**ORDERED** that Persels is granted leave to file a renewed motion to seal as set forth herein within fourteen (14) days of the date

of this Order; and it is further

**ORDERED** that Persels' submissions [Doc. Nos. 21-1 and 21-2] shall remain temporarily under seal until further Order of the Court, however, if Persels fails to file a renewed motion to seal within the time allotted the aforementioned documents will be unsealed.

                                             s/ Karen M. Williams
                                             KAREN M. WILLIAMS
                                             UNITED STATES MAGISTRATE JUDGE

cc: Hon. Noel L. Hillman